UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:   Chapter 7

**ESTEBAN FLORES,**   Case No. 15-31857-LMI

Debtor.
_____/

## TRUSTEE DILLWORTH'S MOTION TO APPROVE SETTLEMENT

> **Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.**

DREW M. DILLWORTH, the duly appointed, qualified and acting chapter 7 trustee in this case, by and through his undersigned counsel, pursuant to 11 U.S.C. § 105, Rule 9019, Fed.R.Bankr.P., and Local Rule 9013-1 of the Local Rules of the United States Bankruptcy Court, Southern District of Florida, hereby moves (the "**Motion**") for the entry of an Order approving a settlement of a tort claim and for related relief.  Trustee Dillworth states the following in support:

1. This bankruptcy case was commenced as a voluntary chapter 7 proceeding on December 18, 2015 (the "Relief Date").

2. Trustee Dillworth is the duly appointed, qualified, and acting chapter 7 trustee.

3. The Debtor schedules reflect a personal injury claim (the "Claim") arising as a result of an incident that occurred prior to the Relief Date.

4. The Claim remains pending against Miami Dade County in the matter styled

-2-

*Flores v. Miami-Dade County*, 16-000505-CA-01 (11th Judicial Circuit, Miami, Florida). Trustee Dillworth was authorized [ECF No. 34] to hire the law firm of Montes & Associates, P.A. (the "Firm") as counsel to represent the estate's interests in liquidating the Claim.[1]

5.  Recently, the balance of the Claim was settled, subject of this Court's approval, prior to incurring costs associated with mediation. A copy of the proposed settlement statement and release is attached hereto as Exhibit A. Pursuant to the proposed settlement, the estate will receive $20,000 in gross funds. After payment of attorneys fees ($5,000) and three alleged medical liens (totaling $6,001), the estate will retain the sum of $8,999 for the benefit of creditors. This Motion seeks to ratify and approve the proposed settlement.

6.  Trustee Dillworth made due inquiry with the Firm as to the strengths and weaknesses of the Claim, the likelihood of success, and the cost and expense of continuing to pursue the Claim through litigation. Based upon those discussions, it appears that the proposed settlement is a fair and reasonable basis to resolve the Claim.

7.  Rule 9019(a), Fed.R.Bankr.P., provides that a trustee may compromise or settle a claim. Approval of a settlement is within the sound discretion of the bankruptcy court. *See, In re Neshaminy Office Building Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986). The standard to be applied by the court is whether the settlement is in the best interests of the estate. *See, Matter of Energy Co-Op, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989). The settlement of time-consuming and burdensome litigation is encouraged, particularly in bankruptcy cases. *See, Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v.*

---

[1] A portion of the Claim was previously settled for the sum of $10,000 by Order [ECF No. 33] dated March 22, 2017.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

*Anderson*, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968); *In re Penn Central Transportation Co.*, 596 F.2d 1102 (3d Cir. 1979).

8.    In analyzing the merits of a settlement, the Court should consider four factors, namely: (a) the probability of success in the litigation, (b) any difficulties to be encountered in collection, (c) the complexity of the litigation and the expenses, inconvenience and delay necessarily attending it, and (d) the paramount interests of the creditors. See, *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990) cert. denied 111 S. Ct. 387, 498 U.S. 959. Under this test, Trustee Dillworth submits that the proposed settlement of the Claim is in the best interests of the estate and its creditors and should be approved. Through the proposed settlement, the bankruptcy estate will receive meaningful fund of cash to pay creditors without taking on any further risk and delay of recovery.

8.    A proposed Order granting this Motion is attached hereto as Exhibit "B."

**WHEREFORE**, Trustee Dillworth respectfully requests the Court to enter an Order as follows: (a) granting the Motion; (b) authorizing Trustee Dillworth to consummate the settlement of the Claim as proposed herein; (c) authorizing Trustee Dillworth to execute all documents required to consummate the settlement; and (d) for such other relief as the Court finds appropriate.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

**I HEREBY CERTIFY** that on November 21, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day electronically by ECF Notification on the Attorney for Debtor, the Office of the United States Trustee and other parties that have registered for electronic service in this case. The document was also served this day by U.S. Mail on the parties identified on the attached service list.

                              Respectfully Submitted,

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and we are in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

By:    /s/ Drew M. Dillworth
          DREW M. DILLWORTH, ESQ.
          Florida Bar No. 0167835
          STEARNS WEAVER MILLER WEISSLER
             ALHADEFF & SITTERSON, P.A.
          Museum Tower Building, Suite 2200
          150 West Flagler Street
          Miami, Florida 33131
          Telephone: (305) 789-3200
          Fax: (305) 789-3395
          E-Mail: ddillworth@stearnsweaver.com

-4-

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-1<br>Case 15-31857-LMI<br>Southern District of Florida<br>Miami<br>Tue Nov 21 10:35:55 EST 2017 | Miami Postal Service Credit Union c/o Chad D<br>P.O. Box 12492<br>Tallahassee, FL 32317-2492 | PHH Mortgage Corporation<br>Aldridge Pite, LLP<br>c/o Wanda D Murray<br>3575 Piedmont Rd., N.E., Suite 500<br>Atlanta, GA 30305-1636 |
| AMCA<br>P.O. Box 1235<br>Elmsford, NY 10523-0935 | Arrow Financial Services, LLC<br>7765 SW 87 Ave<br>Miami, FL 33173-2596 | At&T<br>P.O. BOX 8214<br>South Hackensack, NJ 07606-8214 |
| Bally Total Fitness<br>12440 Imperial Highway<br>Suite 300<br>Norwalk, CA 90650-3178 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Cbna<br>Po Box 6189<br>Sioux Falls, SD 57117-6189 |
| Cbna<br>Po Box 6283<br>Sioux Falls, SD 57117-6283 | Chase<br>P.O. BOX 15153<br>Wilmington, DE 19886-5153 | Chase Card<br>Po Box 15298<br>Wilmington, DE 19850-5298 |
| Chase Manhattan<br>P.o. Box 2036<br>Warren, MI 48090-2036 | (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 | EOS CCA<br>700 Longwater Drive<br>Norwell, MA 02061-1624 |
| Emerg phys Memorial Reg<br>P.o. Box 189053<br>Fort Lauderdale, FL 33318-9053 | FDS Bank/ Macys<br>P.O .Box 9006<br>Smithtown, NY 11787-9006 | Financial Services LLC<br>P. O. Box 32995<br>Phoenix, AZ 85064-2995 |
| Fleet Credit Card Services<br>P.O. Box 15368<br>Wilmington, DE 19886-0001 | GE Capital<br>City Furniture<br>P.o. Box 9001557<br>Louisville, KY 40290-1557 | GE Services Limited Partnership<br>P.o. Box 32500<br>Columbus, OH 43232-0500 |
| GM Card<br>P.O. Box 3023<br>Hutchinson, KS 67504-3023 | Health South<br>2120 Sarno Rd<br>Melbourne, FL 32935-3084 | Hsbc Bank<br>2929 Walden Ave<br>Depew, NY 14043-2690 |
| Hsbc/Tax<br>Po Box 1809<br>Jacksonville, FL 32220 | Ibis Villas At Miami Garden Cond.<br>2083 West 76th Street<br>North Miami Beach, FL 33160 | LVNV Funding LLC<br>726 Exchange Street, Suite 700<br>Buffalo, NY 14210-1464 |
| Miami Postal Credit Union<br>Po Box 520622<br>Miami, FL 33152-0622 | Millennium Anesthesia, P.A.<br>P.O. Box 550479<br>Tampa, FL 33655-0979 | MoBiolans LLD<br>P.O. Box 1409<br>Marksville, LA 71351-1409 |

Mortgage Service Cente
2001 Bishops Gate Blvd
Mount Laurel, NJ 08054-4604

(p)NISSAN MOTOR ACCEPTANCE CORPORATION
LOSS RECOVERY
PO BOX 660366
DALLAS TX 75266-0366

North Star Capital Acquisition/
P.O. Box 1259
Oaks, PA 19456-1259

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Pembroke Pines MRI
P.O. Box 6768
Reading, PA 19610-0768

Recovery System Corp
PO Box 350907
Miami, FL 33135-0907

Sprint
P.O. Box 32145
Minneapolis, MN 55432-0145

Supra Telecom
POB 6432
Carol Stream, IL 60197-6432

Syncb/Brandsmart
Po Box 965036
Orlando, FL 32896-5036

Syncb/Brandsmart Platn
C/O Po Box 965036
Orlando, FL 32896-0001

WFNNR/Victoria's Secret
POB 182789
Columbus, OH 43218-2789

Wachovia
P.O. BOX 105204
Atlanta, GA 30348-5204

Wal-Mart
P.O. Box 15583
Wilmington, DE 19886-1194

Drew M Dillworth
2200 Museum Tower
150 West Flagler St
Miami, FL 33130-1536

Esteban Flores
32 E 48th Street
Hialeah, FL 33013-1847

Juan Montes
4688 Palm Ave.
Hialeah, FL 33012-4036

Robert Sanchez Esq
355 W 49 St.
Hialeah, FL 33012-3715

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bk Of Amer
Po Box 982235
El Paso, TX 79998

Discover Card
P.O. BOX 15251
Wilmington, DE 19886-5251

Nissan-Infiniti Lt
2901 Kinwest Pkwy
Irving, TX 75063

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami

End of Label Matrix
Mailable recipients    46
Bypassed recipients     1
Total                  47

# EXHIBIT A

Case 15-31857-LMI    Doc 38    Filed 11/21/17    Page 7 of 17

## CLOSING STATEMENT

*Esteban Flores vs Miami-Dade County*

**FILE NO.:   5031HL**

| | |
|---|---|
| **GROSS INJURY FUNDS RECEIVED:** | $ 20,000.00 |

### REDUCTIONS FROM GROSS:

**ATTORNEYS' FEES (25%)** — $ 5,000.00
(Payable to Montes & Associates Law Firm, P.L.)

**FUNDS TO BE PAID ON CLIENT'S BEHALF TO:**

| | |
|---|---|
| Hialeah Medical Associates, Inc. (Balance amount $9,601.00…Agreed reduction) | $ 5,000.00 |
| Interscan, Inc. (Balance amount $576.00…Agreed reduction) | $ 500.00 |
| Roberto Moya, M.D., P.A. | $ 501.00 |

**DISBURSEMENT TO/RETAINED BY CLIENT (Trustee):**   $ 8999.00

I APPROVE DISTRIBUTION IN ACCORDANCE WITH THIS CLOSING STATEMENT.

_____     _____
Drew Dillworth, Trustee                               Date
(Bankruptcy Estate of
Esteban Flores)

_____     _____
For the Firm                                                  Date

## RELEASE OF ALL CLAIMS

KNOW ALL MEN BY THESE PRESENTS:

Drew M. Dillworth, as Chapter 7 Trustee of the Bankrutcy Estate of Esteban Flores, the undersigned ("RELEASOR"), being of lawful age, for the sole consideration of Twenty thousand and 00/100 dollars **($20,000.00)** to the undersigned in hand paid, receipt whereof is hereby acknowledged, do/does hereby and for my/our/its heirs, executors, administrators, successors and assigns release, acquit and forever discharges **MIAMI DADE COUNTY, a political subdivision of the State of Florida,** its past, present or future agents, servants, successors, heirs, executors, administrators and all other persons, firms, corporations, associations or partnerships ("RELEASEE") of and from any and all claims, actions, causes or action, demands, rights, damages, costs, attorneys fees, loss of service, expenses and compensation whatsoever, which the undersigned now has/have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequences thereof resulting or to result from the accident, casualty, or event which occurred on or about **January 12, 2012, at or near NW 186th St near 82nd Avenue, Miami Lakes, Florida and which is also the subject matter of the litigation styled *ESTEBAN FLORES v. MIAMI-DADE COUNTY, Case No. 16-505 CA 21* (the "Action").**

It is understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said RELEASEE denies liability therefor and intends merely to avoid litigation and buy its peace.

RELEASOR hereby declare(s) and represent(s) that the injuries sustained are or may be permanent and progressive and that recovery therefrom is uncertain and indefinite and in making this Release it is understood and agreed, that the undersigned rely(ies) wholly upon RELEASOR'S judgment, belief and knowledge of the nature, extent, effect and duration of said injuries and liability therefor and is made without reliance upon any statement or representation of the party or parties hereby released or their representatives or by any physician or surgeon by them employed.

RELEASOR further declare(s) and represent(s) that no promise, inducement or agreement not herein expressed has been made to RELEASOR, and that this Release contains the entire agreement between the parties hereto, and that the terms of this Release are contractual and not a mere recital.

RELEASOR agrees to set aside sufficient funds from the above settlement funds to cover any and all Medicare and Medicaid bills, claims, penalties, interest, fines and liens whatsoever arising out of the occurrence set forth in the Action. RELEASOR is responsible for compliance with all notice and other requirements pursuant to the Medicare Secondary Payer Statute (MSPS) codified at 42 U.S.C. §1395y(b)(2) and any other legislation, rule, statute law or ordinance pertaining to the Medicare or Medicaid payments or claims arising out of the occurrence set forth in the Action. RELEASOR agrees to hold harmless from and indemnify RELEASEE for any and all bills, claims, penalties, interest, fines, liens, damages, double damages, demands, actions or causes of action whatsoever arising from Medicare or Medicaid's payment of or other processing of or participation regarding said claim arising out of the Action and/or any notice or

other requirements of MSPS and/or 42 C.F.R. § 411.24(e), (g), (h), (i)(1) (2009) as amended arising in connection with the Action and/or any other legislation, rule, law, statute or ordinance addressing Medicare or Medicaid arising in connection with the Action, and from all damages, costs and expenses therefrom including, but not limited to, attorneys' fees and costs which RELEASEE may bear and incur by reasons thereof. RELEASOR further agrees to fully cooperate and provide RELEASEE with any and all material required by Medicare (CMS) to properly report the claim.

RELEASOR understands that any failure on his/her part to adhere to the conditions in the preceding paragraph and satisfy any ultimate Medicare lien, could result in liability to RELEASEE and its counsel and, therefore, RELEASOR agrees, in consideration of this settlement, and the monies to be paid in furtherance thereof, to hold harmless, defend and indemnify RELEASEE and its counsel should RELEASOR violate any of these conditions or fail to satisfy any Final Demand Letter (Final Medicare Lien) resulting in either a suit, claim or judgment by Medicare (CMS) against RELEASEE and its counsel for the payments/reimbursement or conditional payments together with all interests, penalties, attorney's fees, costs, fines, and/or double damages claimed as a result of such non-payment.

RELEASOR agrees that RELEASEE and its counsel have insisted that Medicare's interest be protected and the foregoing paragraphs represent material conditions of this settlement and RELEASOR thus accepts and agrees to these conditions.

RELEASOR accepts responsibility for and agrees to pay out of the settlement funds any and all liens, claims for reimbursement, bills and assigned or subrogated claims or

interests, regardless of whether disclosed to RELEASOR including, but not limited to, all liens, claims for reimbursement, assigned or subrogated claims or interests of collateral source payers as defined by Florida law, federal and state tax liens, Medicare or Medicaid liens, Social Security liens, hospital liens, workers compensation liens, any claims of insurers or other persons or entities that provide medical, rehabilitative, hospital, psychological or other healthcare benefits, federal or statutory common law liens, attorney's fees and costs, and other assigned or subrogated claims or interest, which may be applicable to injuries or claims arising out of or related to any claims asserted by them or which could have been asserted by them or on their behalf arising out of the occurrence which is the subject of the Action.

RELEASOR further agrees to indemnify and hold harmless RELEASEE from all manner of action and actions, causes and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, costs, expenses, covenants, contracts, controversies, agreements, promises, damages, judgments, executions, claims and demands whatsoever in law or in equity, which have or may be asserted by any third party arising out of any hospital bills, medical bills, rehabilitative bills, psychiatric bills, and all other bills or expenses of whatever kind whatsoever incurred by RELEASOR arising out of the occurrence set forth in the Action or out of any lien arising by operation of law or otherwise out of such bills or expenses, including but not limited to all attorney's fees and costs.

THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.

*ESTEBAN FLORES v. MIAMI-DADE COUNTY*
*Case No. 16-505 CA 21*

Signed, sealed, and delivered this _____ day of _____, 2017.

**CAUTION: READ BEFORE SIGNING BELOW**

_____
**Drew M. Dillworth, as Chapter 7 Trustee of the Bankrutcy Estate of Esteban Flores**

_____                        _____
**Witness (Print name)**                                              **Witness (Sign)**

STATE OF FLORIDA:

:ss

COUNTY OF MIAMI-DADE:

On the ____ day of _____, 2017, before me personally appeared _____, to me known to be the person(s) named herein and who executed the foregoing Release and who acknowledged to me that he/she voluntarily executed the same.

My Commission Expires:        _____

Notary Public, State of Florida at Large

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                  Chapter 7

ESTEBAN FLORES,                                         Case No. 15-31857-LMI

    Debtor.
_____/

### ORDER GRANTING MOTION TO APPROVE SETTLEMENT

THIS MATTER came before the Court, without hearing, upon the *Trustee Dillworth's Motion to Approve Settlement* ("**Motion**")[1] [ECF No. ___].  By submitting the form of this Order, Trustee Dillworth represents that (i) the Motion was served on all parties required by Local Rule 9013-1(D); (ii) the 21-day response time provided by that rule has expired; (iii) no one has filed, or served on Trustee Dillworth or his counsel, a response to the Motion; and (iv) the form of the Order was attached as an exhibit to the Motion.

---

[1] All capitalized terms shall have the same meaning as ascribed in the Motion, unless otherwise defined in this Order.

The Court has considered the Motion, the terms of the proposed settlement, and the applicable provisions of the Bankruptcy Code and case law governing settlements. No party has filed any objection to the Motion. Based on the foregoing, the Court finds that (a) Trustee Dillworth has exercised prudent business judgment in reaching the proposed settlement; (b) the proposed settlement is reasonable within the parameters established by the Eleventh Circuit Court of Appeals *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990) cert. denied 111 S. Ct. 387, 498 U.S. 959; and as set forth in *In re Heldor Indus., Inc.*, 131 B.R. 578 (Bkrtcy. D. N.J. 1991), and *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 390 (Bkrtcy E.D. Pa. 1987); (c) the proposed settlement is in the best interests of the creditors of this estate; and (d) Trustee Dillworth has provided good and adequate notice of the Motion and terms of the proposed settlement to all interested parties and due process was afforded all parties in interest. Accordingly, it is –

**ORDERED** as follows:

1. The Motion is GRANTED.

2. The terms and conditions of the proposed settlement as set forth in the Motion are APPROVED in their entirety and incorporated in this Order.

3. Upon receipt of the $20,000 in settlement payments, Trustee Dillworth is authorized and directed to pay the following amounts to the following parties:

   a. The sum of $5,000 as and for attorney's fees to the Firm; and

   b. The sum of $6,001 to the Firm, in trust, for the medical lien claimants identified in the closing statement attached as Exhibit A to the Motion.

4. The Court retains jurisdiction to enforce the terms of the settlement and this Order.

# # #

<u>Submitted by and copy furnished to:</u>

Drew M. Dillworth, Esq.
ddillworth@stearnsweaver.com
STEARNS WEAVER MILLER
 WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower Building, Suite 2200
150 West Flagler Street
Miami, Florida 33130

(Attorney Dillworth is directed to serve a conformed copy of this Order, immediately upon receipt of same from the Court, upon all interested parties.)

#5589313 v1

3